Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIAS KLAICH,** <br><br> Plaintiff, <br><br> vs. <br><br> **BANK OF AMERICA CORPORATION and EXPERIAN INFORMATION SOLUTIONS, INC.,** <br><br> Defendants. <br> _____ | ) Case No. <br> ) <br> ) **COMPLAINT FOR VIOLATION** <br> ) **OF FEDERAL FAIR CREDIT** <br> ) **REPORTING ACT AND** <br> ) **VIOLATION OF CALIFORNIA** <br> ) **CONSUMER CREDIT** <br> ) **REPORTING AGENCIES ACT** <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

NOW COMES the Plaintiff, Elias Klaich, by and through his attorneys, the Law Offices of Todd M. Friedman P.C., and for his complaint against Defendants, Bank of America Corporation and Experian Information Solutions, Inc., Plaintiff states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and for violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25 (hereinafter "CCRA")

**JURISDICTION & VENUE**

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337. Ancillary to violations of the FCRA, claims under the CCRA are proper in this Court's jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**PARTIES**

4. Elias Klaich, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of South Lake Tahoe, County of El Dorado, State of California.

5. Defendant, Bank of America Corporation (hereinafter, "Defendant B of A") is a business entity that provides financial services including lending. Defendant's principal place of business is located in the State of North Carolina. Defendant is incorporated/registered as a Corporation in the State of Delaware.

6. Defendant, Experian Information Solutions, Inc. (hereinafter, "Defendant Experian") is a business entity that provides creates and maintains credit reports for consumers, available for consumers, creditors, and debt collectors to grade/evaluate prospective lendees. Defendant is incorporated/registered as a Corporation in the State of Ohio.

7. Defendants will be collectively referred to herein as "Defendants."

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

9. At all relevant times, Defendants were "persons" as that term is defined by 15 U.S.C. §1681a(b).

## ALLEGATIONS

10. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

11. Since on or about February of 2014, Defendants have been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f). Defendant is reporting an alleged outstanding debt owed of $10,076.00. With respect to this account with Defendant B of A, Plaintiff was merely an authorized user on this account, and has no financial responsibility to pay it.

12. Defendant B of A is aware that the credit reporting agencies (such as Defendant Experian) to which it is providing this information is going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

13. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

14. Plaintiff has contacted Defendants requesting that the derogatory trade-lines be deleted.

15. Despite the foregoing, Defendants have disseminated information that the account that Plaintiff is liable for the debt and that Plaintiff is past due on paying on the debt, which Plaintiff has disputed.

16. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

17. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

18. After the dispute by Plaintiff, Defendants owed to Plaintiff a duty to assist in a re-investigation into the disputed facts that are being reported about Plaintiff.

19. Notwithstanding Plaintiff's efforts and Defendants' duties, Defendant Experian continued publishing the inaccurate information and Defendant Experian continued to publish and disseminate such inaccurate information to other credit reporting agencies.

20. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

21. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    c. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    d. Decreased credit score which may result in inability to obtain credit on future attempts.

22. At all times pertinent hereto, Defendant B of A and Defendant Experian were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of each of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## **FIRST CAUSE OF ACTION**

**(Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ))**

24. Defendants violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

25. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Punitive damages;

d. Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court.

///

///

## SECOND CAUSE OF ACTION

## (California Consumer Credit Reporting Agencies Act Cal. Civ. Code §§1785.25(a))

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

28.     California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

29.     California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

30.     Defendants negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

31.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees;

(e)     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

32.   Plaintiff hereby demands a trial by jury on all issues so triable.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 1st day of April, 2015.

By:   s/Todd M. Friedman_____
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff